PATRICK M. DANAHER v. THE ESTATE OF EBER B. WARD, DECEASED.

*Referee's findings—New trial.*

A referee is bound to decide according to the weight of evidence.
A finding that does not decide everything submitted for decision, cannot stand.

A finding is incomplete that does not state a distinct conclusion or at least set forth sufficient facts to lead to one by inevitable inference.

Where a finding substantially decided that a claim was established, but left it doubtful whether or not it had been satisfied, it was held there had been a mistrial, and the case was remanded to to be tried over

Error to Wayne. Submitted Jan. 16. Decided Jan. 28.

Assumpsit. Plaintiff brings error.

*Walker & Kent* for plaintiff in error. Conclusions of law, only, and not of fact, can be drawn from a referee's finding, as from a special verdict, *People v. Wells*, 8 Mich., 104; *Burk v. Webb*, 32 Mich., 173; *Denis v. Saunders*, 36 Mich., 369, The fact that one party understood that a claim was settled would not be admissible in his favor unless his understanding had been communicated to the other at the time of the supposed settlement (*Taft v. Dickinson*, 6 Allen, 553), and where both are fully prepared to look out for their own interests, one is not bound to correct the careless mistakes of the other. Story on Cont., § 643; *Smith v. Hughes*, L. R., 7 Q. B., 597; *Mitchell v. McDougall*, 62 Ill., 498; *Pearce v. Carter*, 3 Houst. [Del.], 385.

*C. I. Walker* and *D. Darwin Hughes* for defendant in error. One is bound by a settlement which he allows the other party to suppose has been made (*Truesdail v. Ward*, 24 Mich 121; 2 Kent's Com., 557; 2 Pars. Cont, 498; *Potter v. O. & L. M. I. Co.*, 5 Hill., 150; *Barlow v. Scott*, 24 N. Y., 44) and is estopped from contesting it if his conduct has misled the other to his injury, Bigelow on Estoppel, 533–6; *Freeman v. Cooke*, 2 Exch., 654; *Cornish v. Abington*, 4 H. & N., 549; *M. & T. Bank v. Hazard*, 30 N. Y., 230; *Cont. Bk. v. N. Bk.*, 50 N. Y., 581; *Wright v. Willis*, 2 Allen, 193; *Wilber v. Goodrich*, 34 Mich., 84; *Hayes v. Livingston*, 34 Mich., 387.

Campbell, C. J. Danaher having had a claim disal-

lowed by the commissioners on Captain Ward's estate, appealed to the Wayne circuit, where it was again disallowed under the finding of a referee. Error is brought to this court on the ground that the facts found do not support the judgment.

The claim is for a balance due on a contract whereby Danaher was to get out a large amount of lumber for Captain Ward on his lands. It appears from the finding of the referee that an important part of the credit claimed for the estate in reduction was for the price of logs purchased by Danaher, he claiming that he bought the logs ready cut for the price agreed on, and the representatives of the estate claiming that he was to pay the price named for the stumpage, which would require a rejection of his claim for cutting that amount of logs. This dispute the referee decided against the estate, and found a balance due on that account of $25,996.76, with interest from July 1st, 1871. It is urged that this fact cannot be said to have been found, because while the referee said he felt bound to find it by a preponderance of evidence, he was not prepared to say he was entirely convinced that such was the actual fact. We cannot doubt that all he meant to say was that he thought the case not as clear as it might be, but that the evidence preponderated in favor of Danaher, and he felt bound— as he was certainly legally bound—to decide according to the weight of evidence.

Having settled this as the balance due on this claim, he then proceeded to consider certain matters which it was insisted for the estate had put an end to the debt by other arrangements.

There were four suits pending on the 16th of May, 1873, in which Danaher was interested, alone or with his partner Mr. Melendy. There was an action of assumpsit in their favor against Captain Ward, and an action of trespass in his name against them. There was an action of trover by Ward against Danaher, and an action of assumpsit by Milton D. Ward, his son,

against Danaher and Melendy. These were independent of the present controversy. On that day Danaher met Captain Ward at Ludington, Danaher having present Judge White as his counsel, and Captain Ward having on his side two counsel and two agents who were not lawyers. It is found that these four controversies were then settled. Whether the present controversy was also included in those arrangements was disputed, and the question is whether the finding of the referee determines what was done. We think it is entirely defective on this point. It does not find there was any settlement. While the referee says the controversy before him turned on this point, he sets forth no more than a series of facts bearing upon it, and comes to no distinct conclusion. It is claimed, however, that the facts he states lead to that result. If such is their necessary meaning, perhaps this would be so, but we think they fall short of it.

The referee finds that this claim was brought to attention and mentioned; that Captain Ward's balance was called for and produced, but it is not found that Danaher called for it or knew it, or that he presented his own claim. He also finds that Ward and his friends thought this claim was to be included, and that the negotiations clearly and unmistakably so impressed them. He further finds that at or near the close of the interview, while some of those who took part were present,—but not saying Danaher or White was present,—Ward directed his book-keeper to balance the account as it appeared on his books at $1,537.34 (which is not much over five per cent. of the amount the referee had previously found it should have been) by charging it to profit and loss. From these facts the referee finds that Ward understood the claim had been settled, and Danaher ought reasonably to have been apprised that Ward so understood it. He then sets forth some events that took place thereafter which were unquestionably matters of evidence only, concerning the conduct of Danaher, which would undoubtedly have had some bearing to corroborate Ward's claim.

He finds there was no written statement of settlement made or intended; that the suits were all discontinued and some receipts passed. It is not found any receipt was made bearing on this claim, but that Danaher had for himself as well as for his firm, receipts in full of all claims in Ward's favor against them.

He finds from all this narrative that Danaher was estopped from asserting his claim was not settled and compromised.

Not only is there no finding of any settlement, but it is impliedly negatived by this finding that the referee believed they actually came to a settlement. He leaves out entirely any statement that positively finds that Danaher either so intended or understood. The finding, at the strongest, means no more than that Ward had an equitable right to suppose one had been made, and should be protected. He has not set forth enough facts to make this out directly or inferentially without adding some things which do not appear. And in considering the able arguments bearing on the effect of conduct which would bind a party, we find ourselves at a loss to know just what that conduct was.

If there was a settlement actually or by reasonable supposition, there is no finding which tends to show what were its terms, or whether, while Ward's claims were all settled and discharged, there may not have been a balance due Danaher.

The referee seems to have been anxious to avoid making findings which would require him to determine on conflicting testimony, and he has failed to come to a conclusion on the most important branch of the litigation.

The question next arises whether the result of this failure to establish a defense leaves his finding to stand in regard to the original balance due Danaher, without taking the defense into the account at all.

We think not. It is equivalent to a verdict that the plaintiff's claim was made out, but the jury cannot say whether it has been discharged or not. It leaves the case half undecided. No finding can stand which does

not decide all that was submitted for decision. The referee certainly did not intend to give it as his conclusion that Danaher's full claim is due and unsatisfied, and he has not so found.

We think there has been a mistrial, and that the judgment must be reversed with costs and the case remanded for a new trial.

The other Justices concurred.