[No. 13392.  Department Two.— May 16, 1890.]

JOHN DOUGHERTY, APPELLANT, v. HUBERT WARD ET AL., RESPONDENTS.

CONSTRUCTION OF FINDINGS — FRIVOLOUS APPEAL — DAMAGES.— A finding "that plaintiff is entitled to judgment that plaintiff take nothing by this action," but that defendants "have judgment against plaintiff for their costs herein," clearly expresses the meaning that plaintiff should take nothing, and that defendants should have judgment against him; and where the only point made on appeal is that the findings do not support the judgment, because the court finds as a conclusion of law "that plaintiff is entitled to judgment," while judgment is rendered for the defendants, the judgment will be affirmed, with damages.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*W. T. Baggett*, for Appellant.

*William Pierson*, and *Ben Morgan*, for Respondents.

McFARLAND, J.— Plaintiff appeals; and the only point made by him is, that the findings do not support the judgment, because, as appellant contends, the court finds as a conclusion of law " that plaintiff is entitled to judgment," while judgment is rendered for defendants.

LXXXIX. CAL.—6

But the whole finding of law from which appellant takes the above quotation is as follows: " That plaintiff is entitled to judgment *that plaintiff take nothing by this action,* but that said defendants, Hubert Ward and Annie Ward, have judgment against plaintiff for their costs herein." This roundabout way of expressing the conclusion that plaintiff should take nothing by his action, and that defendants should have judgment against him for costs, was probably the result of inadvertence, or perhaps the word " not " was accidentally omitted after the word "is"; but the sentence as it stands clearly enough expresses the meaning that plaintiff should take nothing, and that defendants should have judgment against him.

The judgment is affirmed, with one hundred dollars damages; and the superior court is directed to include that sum of money in the judgment, in addition to other costs.

DE HAVEN, J., and SHARPSTEIN, J., concurred.