Argued 30 January; decided 17 February, 1902.

## SUTTON v. CLARKE.

[67 Pac. 742.]

REFERENCE—FINDINGS MUST BE ON MATERIAL ISSUES.

A referee should make findings on all the material issues tendered by the pleadings, and should not make findings on matters not put in issue.

From Douglas: JAS. W. HAMILTON, Judge.

Action by B. B. Sutton against W. B. Clarke and J. L. Baker, partners doing business under the firm name of Clarke & Baker. From a judgment in favor of plaintiff, defendants appeal.                                    REVERSED.

For appellants there was a brief and an oral argument by *Messrs. Wm. R. Willis* and *Dexter Rice.*

For respondent there was a brief over the name of *Coshow & Sheridan,* with an oral argument by *Mr. O. P. Coshow.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This action to recover money was commenced July 1, 1899. The complaint contains three separate causes of action. In the second it is alleged that on or about the seventh of March, 1899, the plaintiff sold and delivered to the defendants 99,112 feet of saw logs at the agreed price of $2.50 per M; that they promised and agreed to make the first payment therefor as soon as 10,000 feet of such logs should be sawed into lumber and sold, and installments thereafter as fast and as soon as other lots of 10,000 feet should be sold by them; that they had sawed and sold more than 10,000 feet, and a reasonable time had elapsed in which they could have sawed the remainder; that no payments have been made on the purchase price of such logs, except the sum of seventy cents; and that there is now due, owing, and payable to the plaintiff on account thereof the sum of $247.08. The answer admits the sale and delivery of the logs, but denies that they were to be paid for in

installments, and avers that they were sold on credit until the first of January, 1900. For a further and separate defense to the second cause of action, it is alleged that on the twenty-seventh of September, 1897, the plaintiff and defendants entered into an agreement in writing wherein and whereby it was stipulated and agreed that the plaintiff should sell and deliver to the defendants at their mill in Douglas County 100,000 feet of merchantable logs on or before the first of March, 1898, for which he should be paid $2.50 per M on or before the first day of January following; that defendants have been ready and willing at all times to receive such logs and to pay for same according to their agreement, but that plaintiff has failed and refused to deliver them, or any part thereof, to defendants' damage in the sum of $300. The reply put in issue the new matter alleged in the answer. By stipulation of the parties, the cause was referred, and the referee in due time made the following findings: " (7) I find that on September 27, 1897, these parties entered into an agreement by which the plaintiff was to deliver to the defendants 100,000 feet of merchantable logs, said to be delivered at the mill pond at the boom of defendants' mill on or before March 1, 1898, and the further amount of 80,000 feet in the same manner on or before March 1, 1899, at the agreed price of $2.50 per thousand feet, to be paid as follows: For the first 100,000 feet on or before January 1, 1899, and for the 80,000 feet on or before the first day of January, 1900. (8) I find that plaintiff between the first part of November, 1897, and the seventh day of March, 1898, cut and put into the creek and on the bank of the creek above the mill of defendants about 100,000 feet of logs; that the water of the creek did not raise sufficiently to float the logs, except a few small ones, during the winter, and but a few thousand feet were delivered according to the contract; that during the winter of '98 and '99 the logs came down the creek, arriving at the boom of defendants' mill March 7, 1899. (9) I find that no effort was made by plaintiff to complete the contract, but that after the logs came down to the mill in 1899 it was practically

agreed between the parties that no further amount of logs should be delivered under the contract. (10) I find that the only reasonable mode of delivering the logs under the contract was by way of the creek; that the defendants acquiesced in the action of the plaintiff in attempting to deliver the logs by the creek. I find that the plaintiff had a cause of action at the time of the commencement of this suit.'' As conclusions of law, he found in favor of the plaintiff for the sum of $308.15. A motion to set aside the report on the ground that the referee did not find on all the material issues tendered by the pleadings being overruled, a judgment was rendered in favor of the plaintiff, from which the defendants appeal.

So far as the questions presented on this appeal are concerned, the two issues made by the pleadings are (1) whether the purchase price of the logs delivered by the plaintiff to the defendants in March, 1899, was due at the commencement of this action; and (2) what amount of damages, if any, the defendants sustained by the breach of the contract to deliver 100,000 feet of logs before the first day of March, 1899. The answer admits the delivery of the logs in March, 1899, as alleged in the complaint, but avers that they were not to be paid for until the first of the following January, some months after this suit was begun; thus presenting an issue of fact which does not seem to have been passed upon by the referee. As a counterclaim or offset, the answer also avers, in substance, that, as a part of the contract under which the logs mentioned in the complaint were sold and delivered, the plaintiff agreed to deliver to the defendants at their mill on or before the first of March, 1898, 100,000 feet of logs, which he failed to do, whereby they were damaged in the sum of $300. The referee practically finds that the logs were never delivered as agreed upon, but seems to have deemed it unnecessary to find upon the question of damages, because performance of the contract was waived, or because such performance was impossible, for want of sufficient water to float the logs to the mill. But these matters are not pleaded as a defense to the counterclaim, nor as an excuse for a failure to perform the contract. They were

both, therefore, immaterial questions, under the pleadings, and could not properly form the basis of a judgment. It is the duty of a referee, in a case of this kind, to find on all the material issues made by the pleadings: 20 Am. & Eng. Ency. Law (1 ed.), 697. For a failure to do so in this instance, the motion to set the report aside ought to have been allowed.

The judgment will therefore be reversed, and the cause remanded for a new trial.  REVERSED.