[No. 6886.   Decided September 28, 1907.]

WOODBRIDGE HODGE, *Respondent,* v. CHARLES HODGE, *as Administrator of the Estate of Watson Hodge, Deceased, et al., Appellant.*[1]

WORK AND LABOR—SERVICES BY MEMBER OF FAMILY—IMPLIED CONTRACT—EVIDENCE—SUFFICIENCY. Where one who came to visit his brother remained, and the two lived together on the brother's place doing together the work necessary to obtain a living, the law will not imply any contract to pay for the services, and where there is no evidence of any acts or conduct from which an inference to pay therefor could be drawn, a verdict for such services is unwarranted, and a nonsuit should have been granted.

APPEAL—PARTIES ENTITLED TO ALLEGE ERROR. Appellant cannot complain of a judgment reducing an excessive verdict, entered at appellant's request, and accepted by respondent in lieu of a new trial.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered November 26, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover for services performed under an alleged contract. Reversed.

*Million, Houser & Shrauger,* for appellant.

*Smith & Brawley,* for respondent.

[1]Reported in 91 Pac. 764.

MOUNT, J.—Respondent brought this action to recover upon a claim for services rendered to Watson Hodge, deceased, during his lifetime. The respondent in his complaint alleged that he performed labor and services for his brother during his lifetime between December 1, 1903, and December 1, 1904, three hundred and five days, at $1 per day, amounting to $305; that he cared for his brother during his last illness, one hundred and forty-three days, from December 1, 1904, to April 23, 1905, at $2 per day, amounting to $286; that a claim for these amounts was presented to the appellant as administrator, and rejected. The answer of the administrator denied that respondent had rendered any services to the deceased. Upon these issues the case was tried to a jury and a verdict was returned for the full amount claimed by the respondent. A motion for new trial was filed by the appellant. When this motion came on for hearing, the appellant offered to allow $50 on account of services rendered by respondent during the last sickness of Watson Hodge, and the court gave respondent the option of having a new trial granted or accepting $50 in lieu of the award of the jury of $286 for the services rendered during the last sickness of said deceased. The respondent accepted this offer and judgment was thereupon entered for $540 for services rendered prior, and $50 additional for care of said Watson Hodge, deceased, during his last sickness. This appeal is prosecuted from that judgment.

The only point made on this appeal is that the court erred in not sustaining appellant's motion for nonsuit at the close of plaintiff's evidence. The facts shown by the case are, in substance, as follows: The respondent, Woodbridge Hodge, and Watson Hodge, deceased, were brothers. The former at the time of the trial was seventy-two years of age. His brother at the time of his death was two years his senior. Watson Hodge died on April 23, 1905. About five or six years prior to Watson's death, respondent came to this state

to visit his brother Watson, whom he had not seen for about forty years, and who at that time was living with his wife on a little farm on Samish island, in Skagit county. Respondent thereupon made his home with Watson and his wife when he was not working for other persons. In November, 1903, Mrs. Watson Hodge died, and within a month thereafter respondent took up his permanent abode with his brother Watson, the two living together thereafter on Watson's place, doing their own cooking and housekeeping, performing such work as was to be done on the place, such as making garden, milking the cow, mowing the meadow of which there was one or two acres, and building a small fence, and taking care of a government light for which Watson Hodge was keeper at a monthly salary of $15. Upon the proceeds of all this work the two old men lived together. About the 1st of April, 1905, Watson Hodge became sick, and was thereafter confined to his bed until his death on April 23, 1905. During this time all the work and the care of Watson Hodge devolved upon respondent. Charles Hodge, the son of Watson, lived with his family near by his father, but they appeared to give little heed to the two old men. They visited Watson Hodge two or three times a few days previous to his death. This is the substance of the evidence in the case. There is no evidence of any contract of employment of respondent by his brother Watson Hodge, and there is no evidence of any acts or conduct of the parties or circumstances even tending to show that respondent was to receive any pay other than his living for his work.

In the case of *Morrissey v. Faucett*, 28 Wash. 52, 68 Pac. 352, we stated the rule in cases like this as follows:

"It is a rule universally recognized that, when the services are rendered by one who is a member of the family of the employer, the law will not imply a contract to pay for the services from the mere fact that they have been rendered upon the one hand and the benefits thereof received upon the other, as in the case of strangers. This is also held to be the rule

when there is no actual blood relationship existing between the parties, provided they sustain to each other the ordinary relations of members of the same family. It has been held, however, that when the family relationship exists it is not necessary to prove the terms of a direct and positive contract, but that proof may be made of words, acts and conduct of the parties, and circumstances from which the inference may follow that there was an understanding that the services were not to be rendered gratuitously; that when such is the case there is a contract upon which the value of the services can be recovered, and it is for the jury to say, from all the conduct of the parties and from the circumstances in evidence, whether there was in fact such an understanding or agreement."

See, also, *McBride v. McGinley*, 31 Wash. 573, 72 Pac. 105. It is clear in this case that respondent and his brother Watson were living together as members of the same family. There was no evidence to take the case to the jury upon the question of services rendered prior to Watson's death, under the rule above stated, and therefore the court erred in not dismissing the case as to that item.

The appellant cannot now complain of the judgment for $50, because that judgment was entered upon request of the appellant and was accepted by respondent in lieu of a new trial upon that item. For the reasons above given, the judgment of the trial court is reversed with directions to enter a judgment for respondent for $50 and costs of that court; appellant to recover the costs of this appeal.

HADLEY, C. J., FULLERTON, CROW, ROOT, DUNBAR, and RUDKIN, JJ., concur.