[No. 14868.   Department One.   December 28, 1918.]

FLOYD J. LYONS, *Respondent*, v. SHERIDAN T. McELROY,
*Appellant*, SARAH McELROY *et al.*, *Defendants*,
RUTH G. FARMER, *as Guardian etc.*,
*Intervener.*[1]

GUARDIAN AND WARD—TERMINATION OF RELATION—EFFECT OF MA-
JORITY. An order, entered without notice, authorizing a guardian
to compromise a suit instituted by the ward after he became of age,
is void, under Rem. Code, §§ 1631 and 1636, providing that the trust
expires when the ward becomes twenty-one and making it the
guardian's duty to then account for all the estate remaining in
his hands.

WORK AND LABOR (18) — TRIAL — INSTRUCTION — IMPLIED AGREE-
MENT. In an action by a nephew to recover for services while a
member of his uncle's family, it is proper to instruct that an
agreement to pay for the services need not be in any form of
writing or oral statement but may be implied from the conduct
of the parties and that it is for the jury to determine whether the
evidence shows an understanding that plaintiff would be paid.

Appeal from a judgment of the superior court for
King county, Hall, J., entered February 20, 1917, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action on contract. Affirmed.

*Charles E. Patterson, James M. Gephart,* and
*Tom S. Patterson,* for appellant.

*Edwin D. Colvin* and *James W. Bryan,* for re-
spondent.

MITCHELL, J.—Respondent became twenty-one years
of age on June 7, 1916. Between April 6, 1914, and
October 22, 1915, he performed labor for appellant
and associates in business. On November 15, 1916, he
instituted this action to recover for five hundred and
seven days' labor at the alleged reasonable value of
$4 per day, admitting he had been paid $100 on the ac-

[1]Reported in 177 Pac. 312.

count. By reason of the failure to serve process, or an order of dismissal as to others, the cause was tried with appellant Sheridan T. McElroy as sole defendant. Appellant, in his answer, admitted payment of $100 and denied liability. He alleged affirmatively that respondent is a nephew toward whom he stood as a parent, and that the services of respondent were rendered gratuitously as a member of the family. A reply denied the affirmative matter except the relationship.

On February 17, 1914, respondent's aunt, a sister of appellant, by appointment of the superior court of King county, qualified as general guardian of the respondent. After the commencement of the present suit, and therefore after respondent was twenty-one years of age, the guardian, by a petition filed in the guardianship cause, asked authority to compromise this claim of respondent against appellant for which suit was pending. Neither the petition nor a citation on it was served on respondent, who it appears was then absent from the state; nevertheless, the department of the superior court hearing the petition entered an order authorizing and directing the guardian to compromise and settle the claim for $500. Thereupon appellant paid the guardian $500, and upon report thereof and the application of the guardian, who had been allowed to intervene herein against the interests of respondent, an order was made by one of the judges of the superior court, purporting to dismiss plaintiff's suit "so far as the rights of the guardian are concerned." Upon payment of the $500 to the guardian, the appellant filed a supplemental answer and affirmative defense in this cause, setting up the probate proceedings purporting to authorize the compromise and that he had complied by paying $500 to the guardian.

At the trial to a jury, in addition to testimony gen-

erally, the court, over the objections of respondent, admitted proof of the guardianship proceedings, including the payment of $500 by appellant to the guardian. At the close of all the testimony, appellant and the intervener each moved for a directed verdict generally, and especially because of the payment of $500 by appellant to the guardian. These motions were denied, and in addition, the court decided to submit the cause to the jury only upon the complaint and that portion of the answer containing denials and the affirmative defense that respondent's services were given as a member of the family. The jury returned a verdict for $1,155.50. Appellant filed motions for judgment notwithstanding the verdict and for a new trial, both of which were denied, and he appeals from the judgment on the verdict.

There are six assignments of error, as follows: (1) refusal of the court to direct a verdict for defendant by reason of the compromise and payment to the guardian; (2) instructing the jury to ignore all claims and proof of such compromise and settlement; (3) denying the motion of defendant for a judgment notwithstanding the verdict; (4) denying defendant's motion for a new trial on account of the compromise in the guardianship cause; (5) instructing the jury not to consider any of defendant's affirmative pleadings other than the averment that the services were rendered gratuitously; and (6) an alleged improper instruction to the jury.

Undisputed evidence shows respondent was over twenty-one years of age when he commenced this action. His former guardian had done nothing whatever to collect this claim. Indeed, it appears she was wholly unaware of the industry and activity of her former ward for nearly two years and until some time after her brother had been sued. Sections 1631

and 1636, Rem. Code, provide that the guardian of a minor shall have the care and management of his estate until he shall have attained the age of twenty-one years, at which time the trust expires, whereupon it shall be the duty of the guardian "fully to account for and pay over to the proper person all the estate of said ward *remaining in his hands.*" It is difficult to perceive how the former ward's claim for labor performed, involved in this suit, could have been considered as estate remaining in the hands of the guardian at the date the ward attained the age of majority, since there is no proof that she even knew of the existence of any such claim or right at that date. The action of the probate department of the court in purporting to take cognizance of this new matter, in the absence of the former minor's consent, after he was twenty-one years of age, and enter an order authorizing the former guardian to compromise the claim, was void. The jury was properly so advised.

The instruction complained of was this:

"An agreement to pay for services performed need not be in any form of writing or oral statement, but may be implied from the conduct of the parties. You are the judges as to whether the evidence shows there was an understanding that plaintiff would be paid for his services."

The instruction was correct. *Hodge v. Hodge,* 47 Wash. 196, 91 Pac. 764, 11 L. R. A. (N. S.) 873. It is further contended that this instruction conflicts with others given, but upon examination we find to the contrary.

There was sufficient evidence to justify the verdict. The judgment is affirmed.

MAIN, C. J., MACKINTOSH, TOLMAN, and CHADWICK, JJ., concur.