Argued November 25, reversed and remanded December 27, 1921.

# WILLAMETTE BOX & LUMBER CO. *v.* WHEELER.

(202 Pac. 714.)

**Appeal and Error—Recital Evidence was Heard Requires Finding Without Bill of Exceptions.**

1. On appeal from a judgment rendered after trial by the court, a recital in the judgment entry that evidence on behalf of both parties was heard shows the necessity of findings of fact by the judge without a bill of exceptions.

**Trial—Statement Plaintiff is Entitled to Nothing, and Defendant Should have Judgment, is Conclusion of Law.**

2. The statement in a judgment entry that plaintiff was entitled to nothing, and that defendant should have judgment, is a conclusion of law only, and not even a general finding of fact.

**Trial—Judge must Make Findings Equivalent to a Special Verdict.**

3. In an action tried to the court without a jury, the judge must make findings of fact equivalent to a special verdict, even without the request of either party, and a judgment for defendant, rendered without such findings of fact, must be reversed.

From Multnomah: J. P. KAVANAUGH, Judge.

Department 2.

REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. Edgar Freed* and *Messrs. Dolph, Mallory, Simon & Gearin,* with an oral argument by *Mr. Freed.*

For respondent there was a brief and oral argument by *Mr. Jay Bowerman.*

BURNETT, C. J.—The plaintiff sues for damages said to have accrued from the breach of a contract whereby the defendant agreed to furnish a certain quantity of hemlock lumber to the plaintiff corporation at its mill at Linnton, Oregon. The measure of damages relied upon is the difference between the

contract price and the alleged greater market price at the time and place of delivery. The allegations of the complaint are denied except as stated in the answer.

For one defense, the answer sets up the contract and says that it was understood that the lumber should be sawed at the defendant's mill at Cochran, Oregon, during the sawing season of 1917; that the mill derives its log supply from the defendant's logging operations adjacent, on the summit of the Coast Mountains, where there is usually a heavy snowfall, necessitating the closing of the logging camp early in the winter; and that the plaintiff was fully aware of that situation when the contract was made. The pleading further says in substance that during the progress of the work, the plaintiff notified the defendant to cease the manufacture of the lumber, and accordingly the defendant ceased; that afterwards when the fall of snow compelled the defendant to close his logging camp he delivered some lumber already manufactured and on hand; and that the parties agreed such shipment should be in full discharge of all obligations on the part of the defendant under the purchase and sale in question.

Another defense is in substance that on account of the war between the United States and Germany, the federal authorities required the defendant to produce at his mill the largest possible amount of fir lumber and to refrain from manufacturing all hemlock products; that on account of the regulations of the federal authorities the defendant was unable to secure transportation for any lumber except fir; and finally, as before stated, that the defendant shipped a carload of hemlock lumber to the plaintiff, which thereupon advised the defendant that it had no fur-

ther right under said purchase, and stated that no claim would be made against the defendant on account thereof.

As a final statement of defense, defendant alleges in substance that during the whole time when the contract was in force, lumber of the kind contracted for was approximately one dollar per thousand less than the contract price, with the deduction that the plaintiff was not damaged.

The reply challenges the allegations of the answer in important particulars.

On stipulation of the parties, jury trial was waived and the cause was heard before the court without a jury. The following judgment entry was the result of the trial:

"This cause having regularly come on for trial in the above-entitled court when the plaintiff appeared through its general manager and by Dolph, Mallory, Simon & Gearin and Mr. Friede, its attorneys, and the defendant appeared in person and by Jay Bowerman, his attorney, and each party having expressly waived its right to a trial by jury the cause thereupon came on for trial before the Honorable J. P. Kavanaugh, Judge of the above-entitled court, without a jury, the evidence on behalf of both parties having been introduced and each side in open court having waived argument and submitted the cause to the court without argument, and the court having carefully considered the evidence and law applicable to this case, finds that the plaintiff is entitled to nothing and that judgment should be entered in favor of the defendant.

"It is therefore, hereby considered, ordered and adjudged that there is nothing due from the defendant to the plaintiff and that the defendant have and recover off and from the plaintiff his costs and disbursements incurred herein taxed and allowed in the sum of $15.65."

Aside from this journal entry there was nothing in the way of findings of fact or conclusions of law. The plaintiff appealed from this judgment.

The sole question presented for decision is whether or not the judgment is valid, for want of findings of fact and conclusions of law. The defendant contends that general findings are sufficient in a case of nonsuit or in a judgment for the defendant, except when affirmative relief is granted to the defendant. *Gilson* v. *Quartz Mining Co.*, 47 Cal. 597, was a case where at the close of the evidence for the plaintiff the court ordered a nonsuit. This in effect was a demurrer to the evidence and raised only an issue of law. All that is said in that opinion about findings, is to the effect that findings filed after nonsuit are without precedent in point of practice. The judgment, however, was reversed. In *Miller* v. *Miller*, 47 Minn. 546 (50 N. W. 612), the court said:

"The point of practice raised—that the court should not have dismissed the action without stating its findings of fact—is not well taken for the reason that the case presented would not have justified findings or a judgment for the plaintiff in this action."

This would seem to indicate that the case was governed by the state of the pleadings, presenting only a question of law. *Thompson* v. *Myrick*, 24 Minn. 4, was a case where the plaintiff sued on a cause of action evidenced by and included in a former judgment in favor of himself and against the same defendant. He introduced the judgment in evidence, and rested. The court held that the judgment barred the later action, and in effect nonsuited the plaintiff as upon a demurrer to the evidence. In other words, it held substantially that a judgment could not be enforced

by an action upon it in the same court that rendered it. The court there said:

"That question of law is presented upon the evidence itself and not upon the findings of fact which the court might make upon it."

The substance of the ruling was, really, that a demurrer to the evidence should be sustained. Certain cases are cited from Arizona. The statute of that state upon which the precedents cited in the defendant's brief are based is cited in *Daggs* v. *Hoskins,* 5 Ariz. 300 (52 Pac. 357), and reads thus:

"That in all cases where a trial of an issue of fact is held by the courts of record of the territory, the decisions of the court shall be in writing, and filed with the clerk, within thirty days after the trial takes place. In giving the decision, the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly."

The decisions in that state hold that under this statute a general finding of issues in favor of a party is sufficient to support the judgment, without detailed findings of fact. The statute there clearly contemplates findings of fact besides conclusions of law, and the two must be separately stated. They give sanction to what is sometimes called an "*omnibus* finding," an illustration of which might be had in the statement "that all of the allegations of the complaint are true and that those of the answer are not true." As to the sufficiency of such a finding, the defendant cites *Dougherty* v. *Ward,* 89 Cal. 81 (26 Pac. 638). A reading of the opinion in that case discloses that no consideration was given to the findings of fact. The sole question examined by the court was as to the construction of the conclusion of law, which read thus:

"That plaintiff is entitled to judgment; that plaintiff take nothing by this action, but that said defendants, Hubert Ward and Annie Ward, have judgment against plaintiff for their costs herein."

The plaintiff, appealing, contended that the judgment for the defendants was not supported by this conclusion of law, relying upon the first clause, "that plaintiff is entitled to judgment." All the opinion does is to construe the whole conclusion of law as stated, treating the clause mentioned as an instance of clerical error, and to hold that the judgment for the defendants was proper.

1-3. It is also contended that because there is no bill of exceptions in the record, the court cannot know and cannot assume that evidence was introduced in support of the issues, and no findings are required upon any issue in support of which no evidence was introduced. But it is recited in the judgment itself that evidence was introduced on behalf of both parties, so that a case is clearly presented on the pleadings and recital of the judgment, requiring findings of fact. The judgment, as stated, does not disclose even the *omnibus* finding of fact. It is a conclusion of law to say "that the plaintiff is entitled to nothing." Likewise, it is a conclusion of law, "that judgment should be entered in favor of the defendant." It is not stated whether or not the complaint is true or the answer untrue. This does not bring the case within the Arizona authorities and others like them, relied upon by the defendant. On the other hand, by a long line of authorities it has been held by this court that it is incumbent upon the court where the case is tried without the intervention of a jury, to make findings of fact equivalent to a special verdict as sometimes used where the case is tried by a jury, and this, too, without the request of

either party.    The doctrine is exhaustively stated by
Mr. Justice HARRIS in *Turner* v. *Cyrus,* 91 Or. 462
(179 Pac. 279), where the authorities are collated.
And again, the principle is restated and thoroughly
clarified by the same writer in *Oregon Home Builders*
v. *Montgomery Investment Co.,* 94 Or. 349 (184
Pac. 487).

In the face of the denials of the answer, the court
should have determined and stated what was the con-
tract between the parties.    It should have expressly
stated whether or not the contract was mutually re-
scinded, as contended in the affirmative answer.    The
same is true as to whether or not the United States
government interdicted the manufacture of the lum-
ber required by the contract.    And likewise, the find-
ings should have included the matter of the market
price being less than the contract price of the lumber
during the existence of the contract, as affecting the
question of damages.

In brief, if there be issues of fact, there must be
findings of fact, to support a judgment.    If there be
issues of law, only, conclusions of law alone are suffi-
cient as a foundation for the judgment.    In this case
there is not even the *"omnibus* finding."    There is
nothing in the record indicating a decision of any
issue, except the two conclusions of law, the one
negative and the other affirmative.    There is nothing
in the way of findings of fact to answer the require-
ments of our Code as construed by numerous de-
cisions, the latest of which are noted above.

The judgment is reversed and the cause remanded
for further proceedings.

REVERSED AND REMANDED.

BEAN, BROWN and McCOURT, JJ., concur.