KENNEBEC HOUSING COMPANY *vs.* CHARLES H. BARTON.

Kennebec.　Opinion March 17, 1923.

*When a party consents to a reference of his case he waives his rights to trial, and*
*agrees to be bound by the judgment of the referee both as to law and facts, and*
*the report of a disinterested referee when accepted by the court at nisi prius*
*must stand.　If, however, material matters in issue were not passed*
*upon by the referee, the aggrieved party may seek a remedy by*
*exceptions.*

This case by consent of the parties and order of court was submitted to a referee. At the hearing before the referee sundry defenses were presented. The report was in favor of the plaintiff and was accepted by the court at nisi prius. The referee said in his report, "My findings are based upon the issues of fact involved in a question of fraud and deceit although the defendant's counsel in a lengthy elaborate and learned argument presented legal defenses upon which I do not pass in making this findings".

*Held:*

That when a suitor consents to the reference of his case he waives his rights to trial according to legal forms and rules, submits it to a tribunal of his own choosing and in effect agrees to be bound by the judgment of that tribunal both as to law and facts.　When a disinterested refereee has heard the parties and rendered a decision according to his own judgment and his report has been accepted by the court at nisi prius the award must stand even though it is contrary to law.

The failure of a referee to find facts or law specifically does not take away the discretion of the court at nisi prius to accept the report.

But when it appears that there were material matters in issue not passed upon, the losing party has a legitimate grievance that may be remedied by a bill of exceptions.　That a case is decided erroneously affords no ground of exceptions.　When the litigant waives his right to trial in court he impliedly agrees to take this chance.　But he does not agree that the referee may decide his case without passing upon material issues of fact or law involved in it.

On exceptions.　This action of assumpsit on an express contract, with four other similar actions, at the January term, 1921, of the Superior Court of Kennebec County, was referred under rule of court. The defendant pleaded the general issue and a brief statement, and upon a hearing the referee found for the plaintiff, and filed in court his report, to the acceptance of which, defendant seasonably filed objec-

tions, alleging that the referee did not pass upon some material issues, which objections were overruled and the report of the referee accepted, and defendant excepted.   Exceptions sustained.

The case is fully stated in the opinion.

*Harvey D. Eaton*, for plaintiffs.

*Bradley, Linnell & Jones*, for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, WILSON, DEASY, JJ.

DEASY, J.   This case arises on exceptions to the acceptance of a referee's report.

When a suitor consents to the reference of his case he waives his rights to trial according to legal forms and rules, submits it to a tribunal of his own choosing and in effect agrees to be bound by the judgment of that tribunal both as to law and facts.

While the contrary is true in some jurisdictions, in this State it is held that when a disinterested referee has heard the parties and rendered a decision according to his own judgment, "The award must stand even though it is contrary to law." *Perry* v. *Ames*, 112 Maine, 203.   "An award made within the scope of the submission is not made invalid by a mistake of the arbitrator as to law or fact," *Phaneuf* v. *Corey*, 190 Mass., 237.   The referee determines finally all questions of law unless in his discretion he reports any such question to the court for its decision.   Kennebec Sup. Court Rule 46; S. J. Court Rule 45.

He determines the facts finally and has no discretion to refer any such question to the court.   *Preston* v. *Knight*, 120 Mass., 8.

True when the referee's report is presented for acceptance.   (Sup. Ct. Rule 25; S. J. C. Rule 21) the court at nisi prius may for any reason that it deems sufficient recommit the case or may accept the report.   In either case whether a recommittal is ordered (*Cutler* v. *Grover*, 15 Maine, 159) or report accepted (*Chasse* v. *Soucier*, 118 Maine, 63), it is by virtue of a discretionary power which, if not abused, is not subject to exceptions, save in cases hereinafter referred to.

But certain objections to the acceptance of a referee's report if presented when the report is offered survive acceptance of report and may be brought to this court on exceptions.

This is true of objections grounded on fraud on the part of the referee (*Bank* v. *Herrick*, 100 Maine, 494) or that he is interested (*Pierce* v. *Bangor*, 105 Maine, 418) or grossly prejudiced (*Harris* v. *Seal*, 23 Maine, 439) or has made unintentional mistakes, of course not including errors of judgment or opinion (*Perry* v. *Ames*, 112 *Maine*, 202) or fails to have a hearing or give notice of hearing (*Auburn* v. *Paul*, 113 Maine, 209) or undertakes to decide questions not submitted (*Porter* v. *Railroad*, 32 Maine, 539) or fails to pass upon questions which are submitted to him. (*Jonah* v. *Clark*, 111 Maine, 142).

In the instant case the exceptions are based upon the alleged failure of the referee to pass upon submitted questions.

The pending action is assumpsit to recover damages for breach of a stock subscription contract. The referee found for the plaintiff. The report was accepted. The defendant reserved exceptions.

The bill of exceptions shows that the defendant by brief statement set up the following defenses:—(1) no contract, (2) fraud, (3) offer to subscribe withdrawn before acceptance, (4) violation of condition, (5) fundamental change in corporate enterprise, (6) no consideration.

In his report the referee says:—"My findings are based upon the issues of fact involved in a question of fraud and deceit, although the defendant's counsel, in a lengthy, elaborate and learned argument presented legal defenses upon which I do not pass in making this finding." Because the referee as appears by his report did not pass upon legal defenses presented, other than fraud, the defendant says the report should not have been accepted, and that the acceptance is error, to correct which exceptions lie.

The defendant relies upon *Jonah* v. *Clark*, 111 Maine, 142. This case involved inter alia the title of certain boats. The referees failed to decide this question. Exceptions to the acceptance of their report were sustained. The court says:—"It was the duty of the referees to decide all material matters in issue between the parties." Some of the other authorities to the same general effect are *McNear* v. *Bailey*, 18 Maine, 254; *Coffin* v. *Hall*, 106 Maine, 126; *Clark* v. *Hewitt*, (Cal.), 68 Pac., 303; *Grout* v. *Bank*, (Colo.), 111 Pac., 556. *Danaher* v. *Ward*, 40 Mich., 300; *Cable Flax Mills* v. *Early*, 76 N. Y. S., 191; *La Grange* v. *Merritt*, 84 N. Y. S., 1092; *Sutton* v. *Clark*, 40 Or., 508; *Johnson* v. *Mantz*, (Iowa), 27 N. W., 467.

We do not adopt the doctrine prevailing in some jurisdictions that the mere failure of a referee to find facts or law specifically takes away the discretion of the court at nisi prius to accept the report. Nothing appearing to the contrary it is presumed that the referee passed upon all issues submitted to him and no others. *Vannah* v. *Carney*, 69 Maine, 223; *Sohier* v. *Esterbrook*, 5 Allen, 311.

But when as in *Jonah* v. *Clark*, supra, it is shown, or when as in the case at bar it appears upon the face of the report that there were material matters in issue not passed upon, the losing party has a legitimate grievance that may be remedied by bill of exceptions. That a case is decided erroneously affords no ground of exceptions. When the litigant waives his right to trial in court he impliedly agrees to take this chance. But he does not agree that the referee may decide his case without passing upon material issues of fact or law involved in it.

The learned counsel for the plaintiff says that the referee found no evidence to support the various defenses. But to find that there is no evidence to support certain defenses and to so determine is to "pass upon" such defenses. And the referee says that he did not pass upon them.

If the referee in fact considered the other defenses presented and determined that at the hearing before him there was no evidence to sustain them it is his right upon recommittal of the case to amend the report accordingly. *Fales* v. *Hemenway*, 64 Maine, 376; *Runnels* v. *Moffat*, (Mich.), 41 N. W., 224; *Bank* v. *McMullen*, 85 Mo. App., 142; *Church* v. *Krelsovitch*, 131 N. Y. S., 846; *Bossi's Estate* v. *Baehr*, (Wis.), 113 N. W., 433.

This case has once been fully heard before a tribunal selected by the parties. It is unnecessary and would be unfortunate to require a new trial on account of an inadvertent omission in a referee's report.

*Exceptions sustained.*