Argued October 6, reversed October 19, 1926.

## AMANDA M. KIESSLING v. F. W. ORTH.

(249 Pac. 1052.)

**Trial—Judgment for Plaintiff Nurse for Services Rendered Held not Supported by Findings, Issues of Accord and Satisfaction and Family Relationship Being Omitted from Findings.**

Where in suit for services rendered as nurse, court, finding for nurse, failed to cover the issues of accord and satisfaction and family relationship as raised by defendant's answer, findings would not support judgment because not covering all issues of case.

See 26 R. C. L. 1089.
Trial, 38 Cyc., p. 1957, n. 33, p. 1964, n. 83.
Work and Labor, 40 Cyc., p. 2815, n. 50, p. 2816, n. 54.

From Multnomah: Louis P. Hewitt, Judge.

Department 1.

REVERSED.

For appellant there was a brief and oral argument by *Mr. J. J. Fitzgerald.*

For respondent there was a brief and oral argument by *Mr. P. J. Bannon.*

BURNETT, J.—There are two causes of action set out in the complaint as follows:

"Plaintiff complains of the defendant and for cause of action alleges:

"I.

"That the defendant is indebted to the plaintiff in the sum of $1976.00 for and on account of work and services rendered and performed by the plaintiff for the defendant for nursing the defendant's wife; said work and services as nurse were performed at the special instance and request of defendant between the 19th day of April, 1921, and the 22nd day of December, 1921, amounting to eight months and three days, or two hundred forty-seven days,

and that the sum of $8.00 per day is a reasonable sum to be allowed to the plaintiff for and on account of the said nursing.

"II.

"That it was necessary for the said plaintiff to take care of the wife of the said defendant both night and day, and that the sum of $8.00 is a reasonable sum to be allowed a nurse for her said night and day service.

"III.

"That the sum of $1976.00 is long past due and owing, and the same nor any part thereof has not been paid, except the sum of $267.00, leaving a balance still due and owing in the sum of $1,709.00

"And for a further and separate and second cause of action, plaintiff complains and alleges:

"I.

"That the defendant is indebted to the plaintiff in the sum of $440.00 for and on account of work and services rendered and performed by the plaintiff for the defendant at his special request, said work and services were performed as housekeeper for the said defendant between the 29th day of December, 1921, and the 30th day of November, 1922, being eleven months that the plaintiff performed the said work and services for the said defendant, and that the said defendant promised and agreed to pay a reasonable sum therefor, and that the sum of $40.00 per month is a reasonable sum to be allowed herein.

"II.

"That the said sum of $440.00 is long past due and owing, and the same nor any part thereof has not been paid."

All these allegations are denied except that the defendant admits having paid to the plaintiff at least the sum of $267. Affirmatively, the defendant avers, in substance, that the plaintiff was a member of the defendant's family and that all the acts mentioned in the pleadings done by either the plaintiff or the defendant were mutual acts performed solely as mem-

bers of such family, but by way of settlement of the dispute between the plaintiff and defendant with reference to payment for said alleged services, the defendant paid the plaintiff $267 in full payment of all claims and demands of plaintiff, and that the said payment was so accepted by plaintiff. As a second, further and separate defense, it is averred, in substance, that the plaintiff became a member of the defendant's family at about the age of twelve years, being the sister of his wife; that the defendant at all times provided for her as such member of the family and that compensation for the same or for her services as averred in the complaint was not expected by the plaintiff or defendant. Lastly, as a third, further and separate defense to the first cause of action, the admitted relationship of sister to the defendant's wife is set out and it is said that the services alleged to have been performed as nurse were performed on a consideration of love and affection existing between the plaintiff and her sister, whereby the plaintiff did not expect to receive any compensation for said services. Except the relationship between the plaintiff and defendant's wife, the new matter in the answer is denied. It is not material within the scope of this opinion to consider the new matter in the reply.

The defendant made timely application to the court to find that the allegations in plaintiff's complaint were not true and that prior to the commencement of the action the parties had a settlement of all claims and demands, whereby it was agreed that the defendant should pay and did pay to the plaintiff the sum of $260, but the court refused to make those findings and, on the contrary, made findings in favor of the plaintiff substantially in the language of the complaint, except that the reasonable amount to be al-

lowed plaintiff for the services in nursing her sister should be $5 per day instead of $8, as charged in the complaint. No findings were made in respect to the new matter alleged in the answer and denied by the reply. On the findings filed by the court judgment was rendered in favor of the plaintiff and the defendant appealed.

Substantially the only error assigned is that the findings are not sufficient to support the judgment in that material issues were omitted. It is settled law in this state that in cases where the issues are tried by the judge without a jury, he must, even without a request by either party, make findings of fact and conclusions of law covering all the issues in the case. In the instant case, however, the defendant requested the court to make findings in his favor, but this was denied. The findings of the court which are made the basis of the judgment in favor of the plaintiff are not sufficient to support the judgment because they do not cover all the issues in the case: *Turner* v. *Cyrus,* 91 Or. 482 (179 Pac. 279); *Kee* v. *Carver,* 85 Or. 406 (187 Pac. 1116); *Willamette Box & Lumber Co.* v. *Wheeler,* 102 Or. 459 (202 Pac. 714).

The precedents cited by the plaintiff are to the effect that if the findings made by the court necessarily refute all the allegations made by the opposite party, they are sufficient, but that is not the present case. All may have happened precisely as plaintiff alleges, yet if there was an accord and satisfaction, as substantially alleged by the defendant, it would overcome the allegations of the complaint found to be true by the findings; hence, the necessity of making the findings cover all the issues raised by the pleadings. Again, for illustration, if the services were performed for a relative, there would be no implied

promise to pay for them. The complaint does not declare upon an express contract in either cause of action. It rests upon the implied liability of the defendant, but as said by Mr. Justice McCOURT in *Franklin* v. *Northrup,* 107 Or. 537 (215 Pac. 494):

" 'The general rule is that, where valuable services are rendered by one for another, the law implies a promise to pay whatever sum the services are reasonably worth.' *Sargent* v. *Foland,* 104 Or. 296 (207 Pac. 349).

"But the implication of a promise to pay for such services does not arise where the parties are related by blood or marriage and are members of the same family and household, or where there existed between the parties a 'domestic relationship the incidents of which were essentially similar to those which are ordinarily associated with such a relationship when it exists between kinsfolk.' *Sargent* v. *Foland, supra;* 11 R. C. L. 209, 210, and cases cited in notes; *Hodge* v. *Hodge,* 47 Wash. 196 (91 Pac. 764, 11 L. R. A. (N. S. 873), and extensive note thereto, from which the last above quotation is taken at page 877."

See also *Wilkes* v. *Cornelius,* 21 Or. 341, 348 (23 Pac. 473).

In brief, all that was said in the complaint and all that was said in the findings of fact might be true, yet an important issue was raised by the assertion of accord and satisfaction, a family relationship under which the services were rendered and kinship between the plaintiff and the person to whom the services were rendered.

The judgment is reversed and remanded for further proceedings.        REVERSED AND REMANDED.

McBRIDE, C. J., and COSHOW and BELT, JJ., concur.