Argued April 23, affirmed September 17, rehearing denied October 15, 1929.

## FRANK ZUCCALA *v.* SUNCREST ORCHARDS, INC.

(280 Pac. 344.)

For appellant there was a brief and oral arguments by *Mr. E. E. Kelly* and *Mr. E. C. Kelly.*

For respondent there was a brief over the name of *Messrs. Crews & Codding,* with an oral argument by *Mr. George A. Codding.*

COSHOW, C. J.—■ The court's ruling on the motions for nonsuit and directed verdict must be sustained. There is sufficient evidence to support the findings in favor of plaintiff. The findings of a court in the trial of an action at law have the effect and force of the verdict of a jury: Or. L., § 159.

■ This court has frequently held that the matter of opening up a case for taking further testimony rests in the sound discretion of the trial court. The court does not favor deciding a case on a technical oversight of counsel. The assignment was in writing and no attempt made to dispute it. A doubt was raised about it having been introduced in evidence at the close of the case. The learned trial court permitted plaintiff to introduce it in order to dissipate any doubt about the matter and gave defendant permission to contradict or otherwise controvert the assignment. The court did not abuse his discretion. Courts are more and more inclined to permit correction of such oversights and determine cases on their merits.

■ ■ The court's findings of fact being supported by evidence it follows necessarily that the conclusions of law and the judgment were properly passed. The rule of law is well settled that when the court tries a case in law it must either make a general finding or find specially on all the issues joined by the pleadings: Gen. Laws 1927, Chap. 165, amending § 158, Or. L. Defendant earnestly contends that because the court did not find on defendant's allegation that he was requested by Norcross to purchase the apples, and had agreed to purchase them and pay therefor $18 per ton but on condition that the apples were not libeled, the court committed reversible error. The apples were shipped during the fall of 1928 when the government was requiring the removal of the

residue of spray to be found on the apples. Defendant's answer is not sufficient to raise an issue upon that question. The answer does not allege that Norcross was the owner of the apples or that he was an agent of plaintiff and his co-owner said Kyle. There is no allegation in the answer to support testimony that Norcross had any authority whatever to enter into an agreement with defendants for the sale of the apples. The testimony of the president of defendant is far from being convincing. The testimony of Mr. Norcross, who was called by defendant, denies that he sold the apples or that he was authorized to sell them. His testimony is to the effect that he simply informed defendant through its president that plaintiff had some apples to sell and inquired the price defendant was paying. The testimony of plaintiff is positive that he sold the apples after getting the information of the offer of defendant; consequently there is neither allegation nor evidence that Norcross sold the apples or was authorized to sell them. There is no dispute at all about the ownership; consequently the allegation that Norcross requested defendant to buy the apples and that defendant received the apples on a certain condition is of no more binding effect on plaintiff and his co-owner than if any other stranger, or person having no interest whatever in the apples, had made such alleged agreement. Defendant was not entitled to a finding on the allegation of its answer in regard to the alleged conditional promise to pay. There is no doubt that the law requires the court, when a trier of fact in an action, to find on all material issues joined by the pleadings: *Kiessling* v. *Orth,* 119 Or. 473 (249 Pac. 1052); *Sutton* v. *Clarke,* 40 Or. 508 (67 Pac. 742).

■ The findings and conclusions were prepared by counsel for plaintiff at the request of the court. The

statute requires the findings to be served upon both parties when prepared by the court: Gen. Laws 1927, Chap. 165. It was error not to serve these findings and conclusions upon defendant. However, defendant filed his objections against the findings. The court acted upon the objections as though they were properly presented before the findings and conclusions were filed. For that reason we think that defendant was not injured by the oversight on the part of the court to have the findings served before filing them as required by statute. Again, we thing the error is not a reversible one because the court's findings are correct and for the further reason that defendant was not entitled to the findings requested by it. There is absolutely no evidence that defendant entered into any contract other or different than the one testified to by plaintiff and as alleged in his complaint. The allegation in the answer and testimony of the defendant's president is all based upon the conversation with Norcross, an entire stranger to the proceedings, and who testified when called by defendant that he (Norcross) had nothing to do with the sale of the apples to defendant.

■ Complaint is also made because of the remarks of the trial court when he decided the case. The remarks are set out above and were made by the judge as his reason for deciding for plaintiff. Those remarks did not constitute his findings as contended by defendant. The judgment is affirmed.

AFFIRMED. REHEARING DENIED.

BELT and BEAN, JJ., concur.

BROWN, J., absent.