Argued December 2, affirmed December 23, 1959, petition for rehearing denied January 12, 1960

## MULLENNEX *v.* DRAPER

347 P. 2d 990

*Warde H. Erwin,* Portland, argued the caused and filed briefs for appellant.

*Paul M. Reeder,* Hillsboro, argued the cause for respondent. On the brief were Gardner & Reeder, Hillsboro.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY and REDDING, Justices.

McALLISTER, C.J.

This is an action on an account stated. The complaint alleges that Boyd & Erwin, attorneys at law, rendered an account stated in the sum of $600 to defendant, who promised to pay the account but failed to do so. The account was assigned for collection to plaintiff who brought this action. The court tried the case without a jury and found for defendant. Upon appeal plaintiff contends that the trial court erred in finding that she failed to sustain the burden of proving her alleged account stated and in entering judgment for defendant.

Because in the trial court plaintiff made no objection to the findings and did not request other or additional findings, this court can not consider the

evidence on which the findings were based. The applicable rule is stated in *Con. Freightways v. West Coast Freight,* 188 Or 117, 120, 212 P2d 1075, 214 P2d 475, as follows:

> "* * * But whether under the statute in its original, or in its present form, [ORS 17.450] it has uniformly been held that, in order to raise in the Supreme Court the question of the failure to make findings in accordance with a party's theory, the failure to find on an issue claimed to be material, or the sufficiency of the evidence to support a finding, the question must first be brought to the attention of the trial court by objections to proposed findings or requests for other, different or additional findings."

See, also, *Carlson v. Steiner,* 189 Or 255, 267, 220 P2d 100 and *Tryon et al. v. Smith,* 191 Or 172, 177, 299 P2d 251.

■■ Plaintiff argues that the above rule does not apply because the facts in this case are uncontroverted and relies on *Ewauna Box Co. et al. v. Weyerhaeuser,* 198 Or 360, 362, 255 P2d 121. In that case in which the facts were stipulated, this court held that findings of fact were unnecessary. We do not agree that this is such a case. In her answer defendant denied the allegations of the complaint and alleged that Robert O. Boyd had rendered to her a statement for his services in the sum of $773.50; that she protested the bill, admitted owing $173.50 which she paid and refused to pay any further sum. The pleadings presented an issue of fact upon which there was conflicting evidence. This court has repeatedly held that in an action at law tried by the court without a jury, findings of fact are essential as a foundation for the judgment. *Willamette Box & Lumber Co. v. Wheeler,* 102 Or 459,

464, 202 P 714; *Maeder Steel Products Co. v. Zanello,* 109 Or 562, 571, 220 P 155; *Kiessling v. Orth,* 119 Or 473, 476, 249 P 1052; *Zuccala v. Suncrest Orchards, Inc.,* 130 Or 612, 616, 280 P 344; *State ex rel. v. Bassett,* 166 Or 628, 635, 113 P2d 432, 114 P2d 546; and *Larsen v. Martin,* 172 Or 605, 613, 143 P2d 239.

The judgment is affirmed.