| 126 | 53 |
| e203 | 359 |
| 126 | 53 |
| e214 | 89 |

MICHAEL HOWARD

*v.*

DRAINAGE COMMISSIONERS.

*Filed at Springfield September 27, 1888.*

APPEALS—*under the Drainage law—section 76 of the act of 1885.* Section 76 of the Drainage law of 1885, relating to districts by user, was intended to bring this particular class of drainage within the operation and effect of the several preceding provisions of the act, so far as the same are applicable. Hence the right of appeal, given in preceding sections, from the assessment of benefits, extends to and embraces cases arising under section 76.

Appeal from the Circuit Court of Christian county; the Hon. Jesse J. Phillips, Judge, presiding.

Mr. A. McCaskill, and Mr. John G. Drennan, for the appellant.

Mr. H. M. Vandeveer, and Mr. James M. Taylor, for the appellees.

Mr. Justice Bailey delivered the opinion of the Court:

The appellees are drainage commissioners of a drainage district organized under the provisions of section 76 of the Drainage Act of 1885. Said commissioners having filed in the office of the town clerk of the township in which said district was situated a special assessment tax list in which the sum of $235.85 was assessed upon lands belonging to the appellant, the latter filed his appeal bond and perfected his appeal from said assessment to the county court. Subsequently, on motion of the appellees, the venue of said appeal was changed to the circuit court, and the cause coming on for trial before that court and a jury, both parties appeared, and produced their evidence upon the issue presented by the appeal, viz., whether said assessment was greater in amount than the benefits to accrue to the appellant's land by the proposed repairs and improvements upon the drainage system of the district. At the close of the evidence the court, on motion of the appellees, dismissed the appeal on the ground that no appeal was given by law from said assessment, and the appellant brings the record to this court and assigns for error the judgment of the circuit court dismissing the appeal. The section of the Drainage Act under which the appellees were organized is as follows:

"Where two or more parties owning adjoining lands which require a system of combined drainage, have by voluntary action constructed ditches which form a continuous line, or

line and branches, the several parties shall be liable for their just proportion for such repairs and improvements as may be needed therefor, the amount to be determined, as near as may be, on the same principle as if these ditches were in an organized district. Wherever such repairs and improvements are not made by voluntary agreement, any one or more owning parts of such ditch, shall be competent to petition for the formation of a drainage district to include the lands interested in maintaining these ditches. The form and conditions heretofore prescribed shall be observed, as near as practicable, but the ditches shall be taken as a dedication of the right of way, and their construction and joining as the consent of the several parties to be united in a drainage district. These ditches, if open, shall be made tile drains when practicable."

The foregoing comprises all of said act having specific reference to drainage districts organized for the purpose of maintaining, improving and keeping in repair a system of ditches already constructed by the voluntary action of the proprietors of adjoining lands, and the question whether a land owner in such district may appeal from an assessment upon his lands levied by the authorities of such district for the purpose of making such repairs and improvements, must depend upon the proper construction to be placed upon said section. In seeking such construction, however, we are not confined to the language of the section itself, but should consider all the various provisions of the act of which it forms a part.

Said act is a revision and consolidation of several preceding acts, and was evidently enacted for the purpose of providing the people of the State with a comprehensive and harmonious drainage system, and adapted at the same time to the exigencies of each particular locality where a system of combined drainage is desirable. Thus, provision is made for the organization of various classes of drainage districts, viz : First, those involving a system of combined drainage in one town ; second, where the lands proposed to be organized into a drainage dis-

trict lie in two towns; third, where the lands lie in three or more towns in the same or different counties; fourth, where a combined system of drainage has already been constructed but where the proprietors of the several tracts of land are unable to make repairs and improvements by mutual agreement; and fifth, where the owners of lands requiring combined drainage form drainage districts by mutual agreement. Of these classes the first is doubtless much the more usual one, and it is accordingly provided for first, and most of the general provisions of the act, are to be found in those sections which relate specifically to that class of districts.

In the sections here referred to, provisions are made for the organization of the district; for procuring the right of way for the proposed ditches by agreement with the several proprietors or by condemnation; for grading the several tracts of land in the district upon the basis of the relative benefits arising thereto from the proposed drainage system; and for raising by special assessment upon said lands in proportion to the benefits as thus determined, such amount of money as may be necessary for the construction of the proposed drainage system. The assessment or tax list is then required to be filed with the town clerk, and section 27 provides that "any party against whose land a tax has been thus levied, may, within ten days after the list has been deposited with the town clerk, appeal to the county court by filing a bond in double the amount of tax appealed from in the county clerk's office, but the appeal shall be upon the ground only that such tax is a greater amount than the benefits to accrue to the land in question by the proposed drainage." By subsequent sections of the act, most of these provisions, including the one by which an appeal is given to the county court, are made applicable to districts where the lands lie in three or more towns, but as to the other classes of districts, the language by which these provisions are specifically referred to and made applicable is not repeated.

In section 76, under which the appellees are organized, however, it is provided, as we have seen, that "the form and conditions heretofore prescribed shall be observed as near as practicable." While this language is not as felicitous as might have been chosen, we are of the opinion that the legislature, in employing it, intended to bring this particular class of drainage districts within the operation of the several preceding provisions of the act, so far as the same are applicable. Among the provisions as to the applicability of which there can be no doubt is the one allowing appeals to the county court from assessments for benefits. This interpretation does no violence to the language employed, and seems to us to be in furtherance of the presumed intention of the legislature to adopt a complete and harmonious system of drainage throughout the State by means of drainage districts. No reason is apparent why an appeal should be allowed in case of a district organized for the purpose of constructing a system of drainage, and denied where a system has already been constructed and the district is organized for the purpose of compelling contribution by the land owners to the expense of repairing and improving such system. The extraordinary power of compelling contribution to the expense of the improvement by assessment and taxation is committed to the drainage commissioners in both cases alike, and the danger that such power will be abused is perhaps as great in one case as in the other. We are therefore inclined to the construction of the statute which will place the authorities of both classes of districts upon the same footing and subject to the same limitations and restraints. The language of the statute, as we have said, admits of that construction, and it should therefore be adopted.

The judgment of the circuit court dismissing the appeal is reversed, and the cause will be remanded to that court for further proceedings.

*Judgment reversed.*