## J. J. McDonald *et al.*

*v.*

## The People *ex rel.* John Bolin *et al.*

*Opinion filed February 21, 1905.*

1. Drainage—*jurisdiction to organize a district depends upon location of the lands.* The jurisdictional question whether the application for the organization of a drainage district under section 76 of the Farm Drainage act, as amended in 1901, (Laws of 1901, p. 157,) should be made to the commissioners of one township or of two or more, depends upon the location of the lands and ditches, and is not a question upon which the decision of the body assuming to organize the district is conclusive on *quo warranto.*

2. Same—*when commissioners of one township cannot organize district.* A drainage district cannot be organized, under section 76 of the Farm Drainage act, by the commissioners of one township alone, where the main ditch, constructed by the voluntary action of property owners for the drainage of their lands, extends through parts of two townships wherein the lands drained are situated, even though the district, as organized, includes only the lands lying within one township.

3. Same—*section 76 of Farm Drainage act construed.* Section 76 of the Farm Drainage act, relating to the organization of a district where the main ditch has been voluntarily constructed by two or more parties whose lands require combined drainage, intends that the forms and conditions previously described in the act for the organization of other districts shall apply, as nearly as practicable, to the organization of districts under that section.

4. Same—*notice and hearing are required in organizing district under section 76 of the Farm Drainage act.* The provisions of the Farm Drainage act requiring a meeting of the commissioners for a hearing on the petition to form a drainage district and the giving of notices of the time, place and purpose of the meeting, apply to proceedings to organize a district under section 76 of the Farm Drainage act, as amended in 1901. (Laws of 1901, p. 157.)

5. Same—*district, under section 76 of Farm Drainage act, can not be organized at first meeting.* The provisions of sections 13 and 14 of the Farm Drainage act precluding the organization of a district at the first meeting of the commissioners and requiring an adjourned meeting and notice thereof, apply to a proceeding under section 76 of the Farm Drainage act in its present form. (*Sanner v. Drainage District,* 175 Ill. 575, adhered to.)

6. SAME—*section 76 of Farm Drainage act does not require district to be organized in ten days.* The requirement of section 76 of the Farm Drainage act, as amended in 1901, that the commissioners shall examine the lands within ten days after receiving notice that a petition to organize a district has been filed, does not mean that the district is to be organized within such ten days.

APPEAL from the County Court of Moultrie county; the Hon. W. C. JOHNS, Judge, presiding.

EDWARD C. CRAIG, SPITLER & JENNINGS, and HARBAUGH & THOMPSON, for appellants.

ART W. LUX, State's Attorney, EDEN & MARTEN, E. J. MILLER, and GEORGE A. SENTEL, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This proceeding is by information in the nature of a *quo warranto* to test the organization of a drainage district, and it was before us on a question of the sufficiency of the information. (*People ex rel.* v. *McDonald,* 208 Ill. 638.) It was then decided that the circuit court erred in sustaining a demurrer to the information and quashing it. Accordingly the judgment was reversed and the cause remanded, and upon re-instatement in the circuit court the defendants filed a plea setting up the proceedings had for the formation of the district. To the plea as amended a general demurrer was filed and sustained. The defendants elected to stand by the plea, and, refusing to answer further, judgment of ouster was entered.

The first count of the information alleged that the defendants, as commissioners of highways of the town of Jonathan Creek, attempted to organize a drainage district under section 76 of the Farm Drainage act, which provides for the organization of such districts in cases where two or more persons owning adjoining lands which require a system of

combined drainage have by voluntary action constructed ditches which form a continuous line or line and branches. The information charged that the main ditch referred to in the petition for the organization of the district and made by the voluntary action of the owners of adjoining lands, extended for a long distance through the adjoining towns of Lowe and Jonathan Creek; that a large part of the land in each of said towns would be affected by the proposed improvement of the ditches, and that the commissioners of highways of the town of Jonathan Creek had no authority to organize a drainage district in that town alone, and had no jurisdiction to act except in connection with the commissioners of highways of the town of Lowe. The second count contained a general charge of usurpation of the franchises of a drainage district. That portion of the plea which was designed as an answer to the said charge of the first count did not deny the truth of the charge as a matter of fact, but set up a decision of the defendants on that question, that the lands specified in the petition for the formation of the district were all the lands benefited or to be benefited by the proposed district. The plea averred that the defendants went upon the lands specified in the petition and examined all the lands that would be benefited by drainage by reason of the proposed improvement; that they found that the owners of the land described in the petition had by voluntary action constructed the ditches described therein, including an open drainage ditch; that said main drainage ditch had its beginning at the township line at or near the north-east corner of section 4, which was the north line of the town of Jonathan Creek and the south line of the town of Lowe, and extended southward therefrom; that they found the lands specified in the petition were all the lands that would be benefited by maintaining ditches or drains within the said district, and that their examination, decision and finding were made a matter of record, as set out in the plea. The question on the demurrer is whether that finding of the defendants is bind-

ing and conclusive upon the parties so as to be a complete answer to the charge of the information.

It was decided in the case of *People ex rel.* v. *Cooper,* 139 Ill. 461, that the question whether lands sought to be annexed to a drainage district are within the same system of drainage is one which the commissioners must, from the necessity of the case, determine in the first instance, and that in the absence of fraud their decision, when made, is so far final as not to be the subject of inquiry or review in *quo warranto* proceedings. When this case was here before we recognized it to be the rule that commissioners, in determining what lands shall be included in a drainage district, are called upon to exercise judgment, and that their acts in that respect, in the absence of fraud, are not subject to review in *quo warranto;* but attention was also called to the provisions of the statute showing the legislative intention to be that all the lands to be benefited by maintaining the ditches should be included in the district; that three classes of ditches are provided for,—one where the lands lie in a single township, a second where the lands lie in two townships, and a third where they lie in three or more townships; that these classes were made for the purpose of providing a proper body that should have jurisdiction to organize districts, and that the jurisdictional question whether the application for the organization of a district should be made to the commissioners of one township or two, or the county court, depends on the situation of the lands and ditches. It was not conceded that the defendants had a right to determine for themselves the facts on which the jurisdictional question rested, so as to conclude everybody on the question. It is true that where jurisdiction is given to a tribunal and its exercise is confided to the discretion of that tribunal its decision cannot be questioned collaterally and the question cannot be re-litigated, but if jurisdiction is lacking the decision has no such effect. In the case of a superior court of general jurisdiction there are presumptions in favor of the jurisdiction in particular

cases, and where such a court finds jurisdictional facts its decision is conclusive of the existence of such facts. But these defendants were exercising a special statutory authority, with no jurisdiction to examine lands in the town of Lowe or to go beyond their own territorial jurisdiction for any purpose whatever. If, in fact, the ditch which had been constructed by the voluntary action of the property owners for the drainage of their lands, and which drained the same, extended through parts of two townships in which the lands drained were situated, the defendants had no jurisdiction to act at all. In such a case the petition must be filed in the office of the town clerk of each town, and the commissioners of highways of the two towns, acting together, constitute the body having jurisdiction. If defendants had jurisdiction, their determination as to what lands should be brought within the district was final, but we are not prepared to hold that they could finally and conclusively determine the question of their own jurisdiction. The authority to act at all rests upon that question, and if the ditch extended into the town of Lowe the defendants had no authority to organize a district up to their own town line. In this view of the law we think the plea setting up their finding was not sufficient.

One of the assignments of error is, that the court refused leave to amend the plea upon the decision of the demurrer, so as to show that all of the property owners were present, in person or by counsel, at the meeting held for the purpose of organizing the district, and that relators made objections which were heard and considered. If the amendment had been allowed it would not have obviated the objection that the commissioners of one town had no jurisdiction to organize a district where the main ditch was in two towns, as alleged in the information. Furthermore, the amendment presented to the court did not show the nature of the objection made by the relators or that they contested the petition on its merits. For aught that was alleged in the amendment the objections may have been upon the ground that the de-

fendants had no jurisdiction or may have been limited to the want of notice.

Perhaps nothing further need be said, but the question of notice, which the amendment was designed to meet, has been discussed at length by counsel on both sides, and it was an important question in the case. In setting forth the proceeding for the organization of the district, the plea alleged that the petition of John Fulton for such organization was filed in the office of the town clerk of Jonathan Creek township on April 18, 1903; that the defendants met on that day at said office and fixed on April 22, 1903, as the time when they would examine the lands, and April 27, 1903, as the time when they would meet at the town clerk's office to organize the district; that they ordered the town clerk to post three notices of the meeting to be held April 27, and to notify personally or by mail, in the manner prescribed by the statute, all the owners of land in the proposed district of the filing of the petition and of said meeting to be held on April 27; that the notices were posted and personally served on April 20 and April 21, 1903; that on April 22 the defendants examined the lands and continued their examination on April 23; and made their finding that the lands specified in the petition were the only ones affected, and that they afterward held the meeting on April 27 and organized the district.

In support of the plea it is contended by counsel that the only notice required is the notice of filing the petition required by section 76; that it is not necessary to post notices as called for in section 12 of the act; that the district must be organized within ten days after the notice has been served on the commissioners by the clerk that a petition has been filed, and that the other provisions of the Farm Drainage act do not apply because not practicable and that no adjourned meeting is necessary. We do not concur in these views of counsel. Section 76, providing for the organization of districts like this, provides that the form and conditions pre-

viously prescribed by the act shall be observed as near as practicable, except as otherwise directed by that section. It was said in *Howard* v. *Drainage Comrs.* 126 Ill. 53, that while that language was not as felicitous as might have been chosen, the legislature, in employing it, intended to bring this class of drainage districts within the several preceding sections of the act so far as they were applicable, and an interpretation which did no violence to the language employed should be adopted in furtherance of that intention. In *Commissioners of Drainage District* v. *Griffin,* 134 Ill. 330, it was said to be only in accordance with the plainest principles of natural justice that the land owners should have a right to be heard upon the question whether a proper petition had been presented and whether their lands were involved in the same system of drainage, and, as a matter of construction, the rules as to notice pertaining to the original organization of drainage districts were applied. In *Sanner* v. *Drainage District,* 175 Ill. 575, it was decided that the commissioners have no power to organize a district at the first meeting, but that the provision for an adjourned meeting and for notices applies to a proceeding under section 76. There are equally forcible reasons for the same holding under the present form of section 76, and we see no reason for departing from the former decisions. The section does not provide for any meeting of the commissioners or any hearing. They are required, within ten days after notice by the clerk that the petition has been filed, to proceed to examine the lands, and if they find the necessary facts they are then to proceed to the organization of a drainage district. The only notice provided by the section is a notice by the town clerk to the owners of the lands included in the petition that the petition has been filed. The notice is to be served on owners residing in the county whose residence is known and mailed to land owners not residing in the county, but there is no provision as to the time of service or that it shall be prior to any meeting of the commissioners. As the section neither provides

for any meeting and hearing nor for notice of the time, place and purpose of such meeting, the other sections of the act requiring a meeting and notice of the same must necessarily apply. The reason given by counsel why they think the provisions for notice are inapplicable is that the district must be organized within ten days after the commissioners receive notice that the petition has been filed. We do not understand that to be a requirement of the statute. The commissioners are required to examine the lands within that time, but they are not required to organize the district until they have complied with the other provisions of the act.

We think the ruling of the court in sustaining the demurrer was right.

The judgment is affirmed. *Judgment affirmed.*