[No. 16290. Department One. February 19, 1921.]

THOMAS CARSTENS, *Respondent*, v. J. B. POWLES & COMPANY, *Appellant*.[1]

VENDOR AND PURCHASER (30, 107)—CONSTRUCTION OF CONTRACT—PROVISION FOR PAYMENT OF TAXES. A contract for the sale of land providing that the "taxes, rents, insurance . . . shall be apportioned from date of deed," refers to taxes for the year in which the contract was made; and Rem. Code, § 9235, providing for a lien for unpaid taxes, as between grantor and grantee, in the absence of an agreement as to who shall pay the same, has no application.

Appeal from a judgment of the superior court for King county, Marion Edwards, Esq., Judge *pro tempore*, entered December 14, 1920, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*James Kiefer*, for appellant.

*Kerr, McCord & Ivey* (*Wm. Z. Kerr*, of counsel), for respondent.

MACKINTOSH, J.—On October 4, 1920, the appellant, being the owner of a lot in the city of Seattle, agreed

[1]Reported in 195 Pac. 1017.

to sell it to the respondent, and the respondent agreed to purchase. At that time, an earnest money receipt was signed by both of the parties which, among other things, provided:

"Taxes, rents, insurance and interest on mortgage, if any, to be apportioned from date of deed. . . ."

It was stipulated by the parties that the word "deed" was erroneously used for "contract" by the scrivener drawing the earnest money receipt. It was in the contemplation of the parties that a formal contract should thereafter be entered into as soon as the appellant should furnish an abstract showing a marketable title, and on October 21, the contract contemplated by the earnest money receipt was executed, and the payment called for therein was made. The parties at that time could not agree as to the proper interpretation of the phrase in the receipt which we have quoted above.

It is the claim of the respondent that the word "taxes" had reference to the taxes for the year 1920, that is, those taxes beginning March 1, 1920, whereas the appellant claims there were no taxes. Notwithstanding this disagreement, the formal contract was executed, and the point in controversy between the parties was submitted to the court. When the earnest money receipt was given, the last half of the 1919 taxes had not been paid, and the appellant admits that these taxes, having been levied for the year ending February 29, 1920, were to be paid by him and are not the taxes referred to in the earnest money receipt. The only taxes to which the receipt could refer were for the year beginning March 1, 1920, and ending February 28, 1921. The rate, as related to taxes collectible in King county, was fixed on October 8, 1920, and not until that date the exact amount of the taxes for all

purposes upon the property could be determined. It is the appellant's contention that the earnest money receipt cannot refer to the 1920 taxes as the exact amount thereof had not been ascertained on October 4.

The case of *State v. Snohomish County,* 71 Wash. 320, 128 Pac. 667, referred to by the appellant, does not discuss the question before us for the reason that the court there held that the state, having obtained title to the property before the tax levy was made, the lien of the taxes had not attached at that time, and the state took the property free from such lien. Here there was nothing to prevent the accrual of the lien; the only thing was that the exact amount of the taxes for the year 1920 was not ascertainable at the time the earnest money contract was entered into, and the contract itself excludes the idea that the term "taxes" as used therein had reference to taxes the amount of which was already ascertained.

Section 9235, Rem. Code, has no application for the reason that that section refers to the attachment of the existing lien of taxes as between grantor and grantee where no agreement has been made as to who shall pay such taxes. As between themselves, the parties can, of course, enter into any agreement they see fit in reference to the payment of taxes, whether they have been actually determined as to amount or not, or whether the lien has attached or not. To give the language of the contract any meaning, it is necessary to apply it to the taxes for the year 1920. The word having been inserted with the full knowledge of both parties, must be held to have been placed in the contract for some purpose, and that purpose must be held to have been to cover the only taxes to which reference could possibly have been made, *i. e.,* taxes for 1920.

The trial court was therefore correct in apportioning

the taxes for that year between the parties, and the judgment is affirmed.

PARKER, C. J., FULLERTON, BRIDGES, and HOLCOMB, JJ., concur.