Argued February 15; affirmed May 14, 1940

# BROADWAY–MADISON CORPORATION *v.* FISHER, ET AL.

(102 P. (2d) 194)

In Banc.

*R. R. Bullivant,* of Portland (Pendergrass, Spackman & Bullivant, of Portland, on the brief), for appellant.

*Ralph R. Bailey,* Assistant Attorney General (I. H. Van Winkle, Attorney General, on the brief), for respondents.

BELT, J. This is a proceeding to determine the amount of corporation excise tax due the State of Oregon from the plaintiff. Plaintiff in its tax return for the fiscal period ending February 28, 1937, reported that $28.43 was due. The State Tax Commission, however, made an additional assessment of $237.60, determining that real estate taxes paid by the plaintiff in the sum of $2,970 on February 27, 1937, were not deductible from its gross income.

Broadway-Madison Corporation was organized as a corporation on March 12, 1936. On March 19, 1936, it acquired by a deed of conveyance the real estate upon which it has since conducted its business. No agreement was had between the grantor and the grantee as to the

payment of taxes. The taxes assessed in 1935, payable in 1936, are not in controversy. The taxes assessed on a valuation of the property on March 1, 1936, payable in 1937, are those with which we are concerned.

The tax commission refused to allow the deduction for the reason that the real estate taxes had accrued on the property prior to the time plaintiff acquired title thereto and that such payment must be considered as a part of the purchase price of the land. On appeal to the circuit court from the determination of the tax commission, a general demurrer to the complaint was sustained and, upon refusal of the plaintiff to plead further, the cause was dismissed. Plaintiff appeals.

Appellant contends that the real estate taxes payable in 1937 and paid by it in its fiscal period ending February 28, 1937—its books being kept and the return made on a cash basis—are taxes "paid or accrued" in its taxable year within the meaning of § 69-1308, Oregon Code Supplement 1935. The tax commission asserts that the taxes accrued on March 1, 1936, or before appellant acquired the property and that, by reason thereof, are not deductible by the plaintiff. More specifically, appellant contends that, under a proper interpretation of the statute, "taxes paid or accrued within the taxable year" (§ 69-1308, Oregon Code Supplement 1935) "should be treated as all other expense items of any corporation and deducted as expense items on a monthly or other periodic basis in the year when they first become payable" and not on March 1st, when the amount thereof was unknown and could not, at such time, have been paid.

■■ The precise question therefore is whether the taxes had accrued on the property at the time plaintiff acquired title thereto. If they had so accrued, the pay-

ment thereof by plaintiff is not deductible. We think it clear that the mere fact of payment in 1937, during plaintiff's fiscal year, does not, by reason thereof, justify any deduction from its gross income. In addition to payment, the taxes must have accrued. The word "paid"—for the purpose of deduction under the corporation excise tax law—means "accrued or paid" as defined in subdivision (i) of § 69-1302, Oregon Code 1930. If the taxes had accrued on March 1, 1936, the payment thereof in 1937 simply means that plaintiff paid taxes which its grantor was primarily bound to pay. We are not here concerned with the question of payment of taxes as between the grantor and the grantee. This is a case wherein the State of Oregon, through its tax commission, is seeking to collect an excise corporation tax.

The following statutory provisions are pertinent:

Section 69-722, Oregon Code Supplement 1935:

"All taxes lawfully imposed, charged or levied on real or personal property, * * * shall be and hereby are declared to be liens on such real and personal property respectively. Taxes on real property shall be a lien thereon from and including the tax day, the same being the first day of March, of the year in which they are levied until paid and, except as otherwise specifically provided by law, such lien shall not be voided or impaired by any subsequent transfer of the ownership of said property * * *".

Section 69-101, Oregon Code Supplement 1935:

"Property shall be assessed and taxed each year with respect to its status at the hour of one o'clock a. m. on March 1, which shall be the 'tax day' of such year * * *."

After a valuation of the property has been made as of March 1st, the various tax levies are made, and the

county assessor reports such levies to the State Tax Commission. Thereafter the taxes thus levied are extended on the tax roll which is delivered to the county clerk who issues a warrant for collection of the taxes. It is true, as contended by appellant, that the amount of the tax is not fixed until the end of the statutory process, the first quarterly payment in the instant case being due on March 15, 1937. Under the specific provisions of § 69-722, Oregon Code Supplement 1935, however, the tax lien attached to the real property on March 1, 1936, and remained thereon until paid. It was not "avoided or impaired by any subsequent transfer of the ownership of said property." The liability for the tax was upon the owner as of March 1, 1936, and plaintiff was not the owner on such date. It is immaterial that the amount of the tax was not determined until later. *Continental Tie & L. Co. v. U. S.*, 286 U. S. 290, 52 S. Ct. 529, 76 L. Ed. 1111. It is sufficient that the ownership of the land and the valuation thereof was determined on the "tax day", March 1, 1936.

The accrual of the tax occurs on the date when there arises a liability to pay such tax and not when the mechanics of computing the amount of the tax have been completed, or when the tax is due and payable. When the amount of the tax is fixed, it relates back to the time the lien attached. As stated in *Logan v. Luukinen et al.*, 113 Or. 52, 231 P. 184:

"The rule supported by the authorities is that, when the statute declares a lien from a certain day, the lien is an encumbrance, although the amount of the tax may not yet be determined or collectible. When determined, the lien dates by relation from the date fixed by the statute."

■ Relative to the accrual of taxes it is highly important to determine, under the statute, when the tax

liability becomes fixed and certain: Paul and Merten's Law of Federal Income Taxation § 25.32. In this state, we think the ownership of the property on "tax day" (March 1st) fixes the liability for payment of taxes. The taxes having accrued on March 1, 1936, the subsequent payment thereof must be considered as a part of the purchase price of the property. Such item would be deductible by the transferor but not by the transferee: *Norman Cooledge, Petitioner, v. Commissioner of Internal Revenue*, 40 B. T. A., 1324.

The rule supported by the great weight of authority is thus stated in the leading case of *Lifson v. Commissioner of Internal Revenue*, 98 F. (2d) 508:

"When one purchases land which is subject to a lien for taxes, the subsequent payment of those taxes by the purchaser does not constitute an allowable deduction from gross income, for the reason that the taxes accrued while the land was in other ownership and the payment of them is merely a payment of a part of the cost of acquiring the property."

In that case, as here, it was urged that the taxes do not "accrue" unless they become the personal obligation of the owner of the land. The court, however, held that they "accrue * * * when they become a charge against and a lien upon the land taxed." Also, to the same effect, see: *Walsh-McGuire Co. v. Comm'r.*, 6 Cir., 97 F. (2d) 983; *Helvering v. Missouri State Life Ins. Co.*, 78 F. (2d) 778; *Merchants Bank Building Co. v. Helvering*, 84 F. (2d) 478. The deduction allowed by the statute for taxes paid or accrued within the taxable year is limited to the taxpayer's own taxes.

The refusal of the State Tax Commission to allow the deduction claimed by plaintiff has the universal support of tax boards and commissioners whose duty it is to administer income tax laws. See *First*

*Bond & Mtg. Co. v. Comm'r.*, 27 B. T. A. 430; *Leaming-ton Hotel Co. v. Comm'r.*, 26 B. T. A. 1004; *John Hancock Mut. Life v. Comm'r.*, 10 B. T. A. 736; *Grand Hotel v. Comm'r.*, 21 B. T. A. 890; *Crown-Willamette Paper Co. v. Comm'r.*, 14 B. T. A. 133; *Gatens Inv. Co. v. Comm'r.*, 36 B. T. A. 309; *California Sanitary Co. v. Comm'r.*, 32 B. T. A. 122.

■ Appellant argues that § 69-710, Oregon Code Supplement 1935, providing for the payment of taxes as between grantor and grantee, definitely imposes the real estate taxes in question upon the grantee taxpayer, and that they are taxes accrued within the meaning of the income tax laws. This statute however has no application to the taxes involved in this proceeding. This court, in *Ferguson v. Kaboth*, 43 Or. 414, 73 P. 200, 74 P. 466, in speaking of the above statute, said:

"Some stress seems to be laid on Section 2846, Hill's Ann. Laws 1892, as indicating an intention to impose the duty of paying taxes upon the grantee of land who acquires the title thereto after the assessment, and before the date of the warrant authorizing the collection thereof. This section, however, was simply designed to define the respective rights of a grantee and grantor of land upon which taxes had been assessed, as between themselves."

In our opinion, the above section of the statute has no bearing on fixing the liability to the state for the payment of such taxes. Such has been the construction given similar statutory provisions governing the payment of taxes as between grantor and grantee: *Merchants Bank Bldg. Co. v. Helvering,* supra; *Lifson v. Comm'r,* supra. *Comm'r v. Plestcheeff,* 100 F. (2) 62, is not to the contrary. The decision is based upon a statute far different from that of this state. The court, however, recognized the basic rule that "the

right to deduction is dependent upon the date upon which the lien for the taxes attached." The statute of Washington (§ 11265, Rem. Rev. St. 1931) specifically provided that, as between grantor and grantee "such lien shall not attach until the first Monday in February of the succeeding year." In this state there is no statutory provision postponing the attachment of the lien.

We have found no case—and none has been cited— which clearly supports the contention of appellant in this case. *Comm'r v. Patrick*, 102 F. (2d) 930 and *Comm'r. v. Coward*, C. C. A. Third Circuit, 110 F. (2d) 725, opinion filed February 23, 1940, are not in point because of the difference between the statutory provisions there under consideration and those of this state relative to time of attachment of the lien. At any rate, the reasoning of the court in the Coward case (New Jersey) is not in harmony with the generally accepted theory that the tax accrues at the time the lien attaches or the liability for payment is definitely fixed.

■■ The conclusion we have reached is in keeping with the administrative interpretation of the statute by the tax commission of this state for many years—of which we take judicial notice. While the rules promulgated by the tax commission by virtue of § 69-1324, Oregon Code Supplement 1935, are not controlling, yet they should, in such technical, involved matters, be highly persuasive: *Spencer v. City of Portland*, 114 Or. 381, 235 P. 279.

We see no good reason to depart from the rule applied by the State Tax Commission relative to the time of accrual of taxes on real property. The "tax day" (March 1st) affords a definite and certain time for the determination of the accrual of taxes. The rule

for which appellant contends might inject an element of confusion into the administration of the excise tax law and render it impractical of enforcement.

The decree of the lower court is affirmed.

BEAN, J., not sitting.