’ ALLEN, Judge.
This is an appeal from an order dated August 2, 1955, granting defendant’s motion to dismiss the amended complaint in an action at law by Charles Gelb against Marvin Aronovitz for the balance of defendant’s pro rata share of taxes allegedly due under a contract for sale of real property. An amended complaint was filed by the plaintiff below, Charles Gelb, which alleged in effect that on or about the 18th of August, 1954, the plaintiff and the defendant, Marvin Aronovitz, entered into a contract in which the defendant agreed to sell, and the plaintiff agreed to buy, certain real property described in the contract, which contract provided:
“The seller shall furnish the title policy and said property is to be conveyed by a Warranty Deed showing good title free and clear of all encumbrances and liens, except as herein specified.
“The closing date of this transaction shall be on or before August 31, 1954.
“All adjustments of taxes, insurance premiums and rents shall be made on a pro rata cash basis as of closing date. In the event that the title binder fails to issue before the closing date then the transaction shall be closed within ten (10) days after the issuance of said title insurance binder.”
The amended complaint further alleged that thereafter on August 31, 1954, the property described in the aforesaid contract was conveyed to the plaintiff; that the real property taxes on the said property as of said date had not been ascertained; and that the parties hereto pro rated taxes on the basis of 1953 -county real property taxes on said property.
The amended complaint further alleged that said property, during the period for which the 1953 taxes were applicable, was located outside of the city limits of the City of Tampa, and by reason of which, was not subject to property taxes assessed by the City of Tampá; that said property was annexed to the City of Tampa subsequent to the period for which 1953 county taxes were applicable; that by virtue of the annexation as aforesaid, said property became subject to both city and county real property taxes for the year 1954; that plaintiff, having just moved to the State of Florida on or about the 20th day of March, 1954, did not know, nor was he informed by the defendant nor by any one else, at the time of closing or prior thereto, that said property had been annexed to the City of Tampa subsequent to the period for which 1953 county taxes were applicable; that otherwise, he would not have allowed defendant to adopt 1953 county real property taxes as the basis for adjusting the 1954 real property taxes on said property; that on the date of conveyance of the said property as aforesaid, the city taxes on the newly annexed area had not been ascertained; that subsequent to the date of conveyance, 1954 taxes on said property, city and county, were determined and *377 were substantially and materially increased over the said 1953 county taxes, viz., from $1,455.85 in 1953 to $2,342.35 in 1954; that pursuant to the said contract the parties hereto contracted to adjust the 1954 real property taxes on a pro rata cash basis as of the date of conveyance of title as aforesaid; that pursuant to said contract, that part of the real property taxes on said property, which defendant contracted to assume, amounted to $1,561.56; that contrary to the terms of said contract, defendant assumed only $970.56 of the taxes, which said amount was $591.00 less than that which, by contract, he had agreed to assume; that plaintiff had demanded payment from the defendant of the sum of $591; but that defendant had refused and still refused to pay to the plaintiff the said amount or any part thereof.
A motion to dismiss was filed by the defendant on the following grounds:
1. That the amended complaint filed herein fails to state a cause of action against the defendant.
2. The amended complaint in substance is the same as the original complaint filed herein, and that the same was ordered dismissed by the court.
The lower court entered its order granting the motion to dismiss the amended complaint with prejudice. We think this was error.
The contract between the plaintiff and the defendant provided that the property conveyed should be free and clear of all encumbrances and liens, except as therein specified. The closing date was on August 31, 1954. At the time of closing the transaction, taxes for 1954 would not be due for two months, that is, on November 1, 1954, although the property was assessed and the tax lien attached as of January 1, 1954. See Huckleby v. State, 1909, 57 Fla. 433, 48 So. 979.
In the case of Ewauna Box Co. v. Weyerhaeuser Timber Co., 1954, 198 Or. 360, 255 P.2d 121, 123, the Circuit Court entered a judgment for the plaintiffs-vendors and the defendant-purchaser appealed. The Supreme Court of Oregon held that where contract for sale of realty and personalty provided that all current taxes should be prorated as of. date of closing, which was November 30, 1948, and where the vendors paid all personal property taxes assessed and levied in the year 1948, the vendors were entitled to recover from the purchaser only one-twelfth of such taxes paid, not seven-twelfths as contended by the vendors, on the ground that current personal property taxes were taxes for the fiscal year commencing on June 1, 1948 and terminating on May 31, 1949.
The contract between the parties in the above case provided that all current taxes and other expenses customarily pro rated in transactions of this kind, should be pro rated as of the time of closing. All of the terms of the contract were carried out, except that the plaintiffs paid all of the personal property taxes assessed and levied in 1948, and sued the defendant for seven-twelfths of that amount. Defendant contended that under the terms of the contract, the plaintiffs were entitled to recover only one-twelfth of the total personal property taxes paid.
The Supreme Court of Oregon said:
“Property is assessed only once for each tax year, and we hold that the tax year for personal property commences with the first day of January and terminates on the 31st day of December in each year. Although, in fact, the levy of the tax is not made until the month of July, the assessment is completed and the tax is regarded as assessed on the first day of January of that same year and the property becomes liable for the tax of that tax year, for, on the following year as of January 1, a different valuation may be made with a different rate of taxation. J. L. Hammett Co. v. Al *378 fred Peats Co., 217 Mass. 520, 105 ,N.E. 370, 371, L.R.A.1915A, 334.”
See also Dennig v. Swift & Co., 1936, 339 Mo. 604, 98 S.W.2d 659; Elwood v. Goldman, 217 N.Y. 585, 112 N.E. 421, and Carstens v. J. P. Powles & Co., 1921, 114 Wash. 588, 195 P. 1017.
While the above quoted case was dealing primarily with personal property taxes, the same factual situation exists in Florida with reference to real property taxes. Taxes are usually levied after the 31st of August, but relate back as a lien to the first day of January of the same year.
 The defendant, by his motion to dismiss, admitted all of the allegations of the complaint properly pleaded. Since the property was transferred on the 31st of August, the plaintiff, who was the purchaser under the contract, assumed one-third of the amount of the 1954 taxes, which were a lien on the property on the date of transfer, leaving two-thirds of the taxes due for 1954 to be paid by the defendant, the seller under the contract.
As the taxes had not been levied on the date of the closing, the parties assumed that the taxes in 1954 would be similar to the taxes in 1953, and adjusted the taxes on that basis. Plowever, since the taxes levied in 1953 amounted to $1,455.85, while the taxes actually levied for 1954 amounted to $2,342.35, the plaintiff paid $591 more than he was required to pay under the contract, the sum sued for in this action. We hold that the amended complaint stated a cause of action.
The appellee-defendaht, in his brief, argues that since the parties pro rated the taxes on the basis of the 1953 assessment, this amounted to an accord and satisfaction. We must disagree with the appellee. This case comes to this court on an appeal from an order granting a motion to dismiss the amended complaint. The facts alleged in the complaint do not show on their face accord and’ satisfaction. In addition thereto, accord, and satisfaction is an affirmative defense, which, under the Florida Rules of Civil-Procedure, must be affirmatively pled.. See Rule 1.8(d), 30 F.S.A.
We are of the opinion that the order of the lower court dismissing the amended, complaint must be reversed for the reasons stated.
Reversed.
KANNER, C. J., and PLEUS, J., concur.